UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANCY WELDON, | CASE NO. C18-1541-JCC |
| Plaintiff, | ORDER |
| v. | |
| SAFEWAY, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

On May 5, 2016, Plaintiff fell at Defendant's Twin Lakes store in Federal Way. (Dkt. No. 1-1 at 1–2.) Plaintiff alleges that her fall was caused by the negligent actions of Defendant's agent or employees and seeks damages. (*Id*. at 2.) Defendant has filed an answer and raised several affirmative defenses. (*See* Dkt. No. 4 at 2.)

Plaintiff alleges that Defendant has failed to provide documents responsive to Plaintiff's discovery requests and to cooperate in a Rule 30(b)(6) deposition. (*See* Dkt. No. 17 at 2–3.) Plaintiff moves for an order compelling Defendant to produce responsive documents and to reopen various depositions. (*See generally id*.)

## II. DISCUSSION

Discovery motions are strongly disfavored. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). If the parties are unable to resolve their discovery issues, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). Any such motion to for an order compelling discovery must contain a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." W.D. Wash. Local Civ. R. 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." *Id*.

In her motion to compel, Plaintiff "certifies that counsel for Ms. Weldon, Robert Bohm, met with counsel for the Defendant, John Kugler, in person at the West Campus Ankle and Foot Clinic, following the Deposition of Michael J. Frazier and attempted in good faith to resolve this dispute without court action." (Dkt. No. 17 at 1.) Mr. Kugler has filed a declaration describing this purported face-to-face meet-and-confer between him and Mr. Bohm. Specifically, while walking to their respective cars after a deposition, Mr. Kugler provided Mr. Bohm with a case Mr. Kugler believed was relevant to one of the discovery issues raised by Plaintiff, Mr. Kugler and Mr. Bohm agreed that the issues needed to be discussed, and Mr. Bohm stated that he was meeting with his co-counsel Jesse Froehling later that afternoon. (Dkt. No. 20 at 2.) Mr. Kugler and Mr. Bohm did not substantively discuss the discovery disputes during the meeting, and the parties have not subsequently conducted a face-to-face meeting or telephonic conference. (*Id*. at 2–3.)[1] As the parties did not discuss the discovery disputes at issue during the face-to-face meeting Plaintiff relies on and have not otherwise satisfied the good faith meet-and-confer

---

[1] Plaintiff has also submitted a letter and email exchanges between counsel regarding the discovery disputes, (*see* Dkt. Nos. 18-6, 18-7), but these documents are insufficient to satisfy her obligation to engage in a good faith meet-and-confer prior to filing a motion to compel. *See* W.D. Wash. Local Civ. R. 37(a)(1).

requirement, the Court finds that Plaintiff did not satisfy her obligations under Local Civil Rule 37(a)(1) prior to filing the instant motion to compel.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 17) is DENIED.

DATED this 3rd day of October 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE